IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JA'COREY N. ANDERSON,<br>    #60387177,<br>        PETITIONER,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        RESPONDENT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CIVIL CASE NO. 3:22-CV-166-K-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Shermaine Ja'Corey N Anderson's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate.  As detailed herein, the petition should be summarily **DISMISSED**.

**I.  BACKGROUND**

Anderson, a federal pretrial detainee in the Limestone County Detention Center, challenges the criminal charge pending against him.  Doc. 3 at 1-2.  He is awaiting trial on a federal grand jury indictment charging him with attempted child sex trafficking.  *United States v. Anderson*, No. 3:20-CR-299-K-1 (N.D. Tex.); Crim. Doc. 11 (*Indictment*); Crim. Doc. 33 (Jan. 26, 2022 order granting defendant's motion for continuance).

In his federal habeas petition, Anderson complains the federal government and this Court lack jurisdiction over his criminal offense.  Doc. 3 at 2, 6-7.  He avers the indictment fails to charge a proper "offense against the laws of the United States because no jurisdiction has been

ceded or accepted over the place where the criminal activity is alleged to have accrued." Doc. 3 at 6. Anderson also asserts violations of his due process rights, claiming the criminal statute exceeds "the power of Congress as applied to [his] conduct" and that it "encroaches on the sovereignty and jurisdiction of the State . . . ." Doc. 3 at 6. Ander thus seeks dismissal of the indictment and his release from pretrial detention. Doc. 3 at 7.

Upon review, the Court concludes that subject matter jurisdiction is lacking. Even assuming jurisdiction, Anderson should be required to exhaust the remedies available in his criminal case. Therefore, his petition should be dismissed.[1]

## II. ANALYSIS

### A. Jurisdiction is Lacking

To entertain a habeas corpus petition pursuant to section 2241, the Court must have jurisdiction over the prisoner or his custodian. *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (holding the district of incarceration is the only district that has jurisdiction to entertain a § 2241 petition). Anderson is presently incarcerated in Limestone County, which lies within the boundaries of the Western District of Texas, Waco Division. 28 U.S.C. § 124(d)(2). Therefore, this Court lacks jurisdiction to entertain his habeas corpus petition. *Lee*, 244 F.3d at 374-75.

### B. Petitioner Should Exhaust Available Remedies in His Criminal Case

Even assuming jurisdiction, the petition should be summarily dismissed. A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d

---

[1] Although Anderson did not pay the filing fee or file a motion to proceed *in forma pauperis*, it is more efficient dismiss the petition than to require compliance with the Court's filing requirements.

1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of a habeas petition).[2]

Pretrial habeas relief is available to a federal pretrial detainee only "in rare and exceptional cases." *Johnson v. Hoy,* 227 U.S. 245, 247 (1913) (citations omitted). It is well established that courts "should withhold relief . . . where an adequate remedy available in the criminal proceeding has not been exhausted." *Stack v. Boyle,* 342 U.S. 1, 6–7 (1951) (citations omitted). Likewise, the United States Court of Appeals for the Fifth Circuit has adopted "'the settled principle that a writ of habeas corpus may not be used . . . as a substitute for the ordinary proceedings of a trial court.'" *United States v. Bowler,* 62 F.3d 397, 1995 WL 449713, *2 (5th Cir. 1995) (per curiam) (quoting *U.S. ex rel. Palma v. Saegert*, 251 F.2d 59 (5th Cir. 1957)). In *Bowler*, two federal pre-trial detainees filed a petition under § 2241 challenging their indictment after the district court denied their motion to dismiss it. 1995 WL 449713, *1. The Fifth Circuit found no "'rare and exceptional'" circumstances warranting consideration of the pre-trial writ as a substitute for a direct appeal and concluded that the petitioners' arguments should be "presented and reached 'in the orderly administration of justice.'" *Id.* at *2; *see also Philip v. Cruz*, 3:11-CR-0361-L, 2012 WL 1413432, at *1–2 (N.D. Tex. Mar. 26, 2012), *R. & R. adopted*, 2012 WL 1423656 (N.D. Tex. Apr. 24, 2012) (dismissing § 2241 detention and prosecution claims for failing to exhaust remedies available in the federal detainee's pending criminal case).

Here, as in *Bowler*, all claims Anderson raises in his § 2241 petition can be pursued in his pending criminal action, where he is represented by counsel. Accordingly, Anderson should be

---

[2] Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES renders the 2254 Rules applicable to habeas petitions not covered by Section 2254.

required to fully exhaust the remedies available to him in his pending criminal case, and his habeas challenge should be dismissed.

### III.  CONCLUSION

For the foregoing reasons, Anderson's petition for writ of habeas corpus under 28 U.S.C. § 2241 should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.  Even assuming jurisdiction, the petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust the remedies available in his pending criminal case.

**SO RECOMMENDED** on January 31, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).